COLLINS *v.* FINCHER.

5-2761                                                361 S. W. 2d 86

Opinion delivered October 22, 1962.

*Bon McCourtney & Associates, Bon McCourtney, Claude B. Brinton,* for appellant.

*H. G. Partlow, Jr.* and *Marcus Evrard,* for appellee.

GEORGE ROSE SMITH, J. This case involves the applicability of a well-settled doctrine of election, which comes into play when a testator purports to devise A.'s property to B and by the same will also leaves other property to A. In that situation A cannot claim both his own property and the testamentary gift; he must elect to take one and relinquish the other. *McDonald* v. *Shaw,* 92 Ark. 15, 121 S. W. 935, 28 L.R.A.N.S. 657. The question here is whether Lillie Belle Vastbinder was put to such an election with respect to the two forty-acre tracts in controversy. The chancellor held that no election had been necessary and upon that premise quieted the title in Mrs. Vastbinder's heirs, the appellees.

W. D. Vastbinder and Lillie Belle Fincher were married in 1920. By a prior marriage W. D. then had seven children, the appellants. Lillie Belle had four children by her first husband and later had four more children by Vastbinder; those eight are the appellees.

In 1946 W. D. and Lillie Belle acquired the eighty acres in dispute, as tenants by the entirety. W. D. died testate in 1958, owning 140 acres in addition to his interest in the two forties involved in this case. By his will Vastbinder left ''all my real estate that I own at the time of my death to my wife, Lillie Belle Vastbinder, for the period of her life only,'' with remainder to W. D.'s eleven children as set out in the will.

Lillie Belle served as executrix of the will. The appellants attach some importance to the fact that she listed the eighty acres in question in her inventory, as an asset of the estate. It appears, however, that this listing was an error on the part of the person preparing the inventory, that Lillie Belle signed the inventory by mark without knowing that this property was included, and that no one has changed his position in reliance on the mistake. We therefore consider the error to be immaterial. Lillie Belle's act of signing the inventory could not have constituted an election, for she was not aware that the two forties were included. Nor were the circumstances sufficient to create an estoppel against her.

Lillie Belle died testate in 1960, leaving her property to her own eight children, the appellees. They brought this suit to quiet their title to the eighty acres and to set aside an assertedly erroneous partition decree that was rendered in a suit to which the Fincher children were not parties and at a time when none of the various heirs realized that the two forties had been owned as a tenancy by the entirety. The chancellor granted the relief sought.

The appellants contend that when W. D. Vastbinder left his children a remainder interest in ''all my real estate,'' it was an attempt by him to devise an interest in the eighty acres that passed to Lillie Belle as the surviving tenant by the entirety. Hence, it is argued, W. D. pur-

ported to give his children property that belonged to Lillie Belle, and therefore the widow, by accepting the gift of a life estate in W. D.'s other land, elected to take under the will and forfeited her fee simple ownership of the eighty acres.

This contention is not sound. An election is required only when the testator purports to give the beneficiary's property to someone else. Here the two forties were not specifically mentioned in Vastbinder's will. The general reference to "all my real estate that I own at the time of my death" did not even purport to describe lands that would pass to Lillie Belle by operation of law at the instant of W. D.'s death. As Atkinson points out in his discussion of this doctrine of election: "Thus, where the testator and the beneficiary are both interested in the property disposed of, the presumption is that the testator intended only to give what was his. By the use of such expressions as 'all my lands' or 'all my estate,' the testator is deemed to intend to pass only his interest in the property." Atkinson on Wills (1937 Ed.), § 255.

Affirmed.