PITTMAN *v.* PITTMAN.

5-3206                                                           375 S. W. 2d 361

Opinion delivered February 17, 1964.

*George E. Pike,* for appellant.

*Bridges, Young* and *Matthews,* for appellee.

GEORGE ROSE SMITH, J. It is a familiar rule that when a testator purports to leave A's property to B and by the same will also leaves other property to A, A cannot claim both his own property and the testamentary gift. He must elect to take one and relinquish the other. *McDonald* v. *Shaw*, 92 Ark. 15, 121 S. W. 935, 28 L.R.A. (n.s.) 657; *Collins* v. *Fincher*, 235 Ark. 587, 361 S. W. 2d 86. This is a suit brought by the appellee for a construction of her husband's will, the question being whether she is required to make such an election with respect to certain property mentioned in the fourth paragraph of the will. The chancellor held that no election was necessary.

The testator, Roy Pittman, had an interest in two tracts of land lying in LaGrue Bottoms in Arkansas county. Tract 1 was owned by Pittman and the appellee as tenants by the entirety, consisted of 440 acres, and was the site of a half-acre camp operated by Garland Simpson. Tract 2 was owned by Pittman and his brother Floyd as tenants in common, consisted of 80 acres, and was about three quarters of a mile west of Tract 1. Both tracts had formerly belonged to Storthz Brothers.

Paragraph 4 of the will is really two paragraphs, which read as follows:

"I give, devise and bequeath to my wife, Inona Pittman, for her life, my undivided one-half interest in lands owned by myself and my brother, Floyd Pittman, in LaGrue Bottoms, the lands were purchased from Storthz Brothers, and I give, devise and bequeath to my wife, Inona Pittman, the right to cut and sell the merchantable timber from said lands and to retain the purchase price therefor for herself, except I give, devise and bequeath to my nephew, Garland Simpson, a half acre out of said lands where the camp belonging to Garland Simpson is now located.

"I give, devise and bequeath my undivided one-half interest in and to the above described lands, being those lands purchased from Storthz Brothers and which I own together with my brother, Floyd Pittman, to my nephew, Floyd Lee Pittman and Howard Pittman [the appel-

lants], share and share alike, in fee simple absolutely, subject to the life estate in my wife and the rights given here thereunder and except the half acre above bequeathed to my nephew, Garland Simpson.''

It is impossible to be certain whether the testator meant to refer to both tracts or only to Tract 2. On the one hand, he describes the land as being owned by him and his brother Floyd. This description applies only to Tract 2. If Paragraph 4 is construed to refer only to Tract 2 no election by the appellee is necessary, because the testator did not attempt to devise property that actually belonged to her.

On the other hand, the will recites that Garland Simpson's camp is located upon the land in question. Here the reference is to Tract 1, which is the site of Simpson's camp. If Paragraph 4 is construed to refer to both tracts the appellee must make her election, because in other paragraphs of the will she was given other property that was actually owned by her husband. She would have to decide whether to accept the other property and take only a life estate in Tract 1 or to give up the other property and claim Tract 1 as the surviving tenant by the entirety.

Where the will is susceptible of two interpretations the governing rule is to favor that construction which dispenses with the need for an election. ''The first and fundamental rule, of which all the others are little more than corollaries, is: In order to create the necessity for an election, there must appear upon the face of the will itself . . . a clear, unmistakable intention, on the part of the testator . . . to dispose of property which is in fact not his own. This intention to dispose of property which in fact belongs to another, and is not within the donor's power of disposition, must appear from language of the instrument which is unequivocal, which leaves no doubt as to the donor's design; the necessity of an election can never exist from an uncertain or dubious interpretation of the clause of donation. It is the settled rule that no case for an election arises unless the gift to one beneficiary is irreconcilable with an estate,

interest, or right which another donee is called upon to relinquish; if both gifts can, upon any interpretation of which the language is reasonably susceptible, stand together, then an election is unnecessary." Pomeroy, Equity Jurisprudence (5th Ed.), § 472. "A will is not to be construed to dispose of property belonging to someone other than the testator if it is susceptible of any other construction." Page on Wills (Rev. Ed., 1962), § 47.13.

Here the testator was mistaken either in saying that he and his brother owned the land or in saying that it was the site of Garland Simpson's camp. One mistake seems to be as likely as the other. Thus Paragraph 4 is reasonably subject to two interpretations. In this situation, under the authorities cited, the chancellor was right in construing the language to be a reference to Tract 2 only, for that interpretation makes an election unnecessary.

Affirmed.

HARRIS, C.J., not participating.